**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

KAREN LOWY, individually and as parent

and next friend of N.T.,

      Plaintiffs,

v.                                                                          Civil Action No. 1:23-CV-1338-CMH-IDD

DANIEL DEFENSE, LLC, et al.,

      Defendants.

**FAB DEFENSE, INC.'S MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION TO DISMISS</u>**

## <u>TABLE OF CONTENTS</u>

**Page**

SUMMARY OF THE ARGUMENT ........................................................................................ 1

BACKGROUND .................................................................................................................... 2

STANDARD OF REVIEW .................................................................................................... 3

ARGUMENT ......................................................................................................................... 3

I.      Plaintiffs lack Constitutional standing to bring VFAS and VCPA claims
        against FABD ................................................................................................................ 3

II.     Plaintiffs fail to state claims upon which relief can be granted against
        FABD under Rule 12(b)(6) ........................................................................................... 5

        A.      Plaintiffs have not sufficiently pleaded a claim under VFAS
                against FABD ..................................................................................................... 6

        B.      Plaintiffs have not sufficiently alleged facts to maintain a VCPA
                claim against FABD ........................................................................................... 9

III.    FABD's social media posts are protected under the First Amendment to the
        U.S. Constitution ......................................................................................................... 12

CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Becerra*,
No. 21-2317, 2023 WL 2908819 (4th Cir. Apr. 12, 2023) ...................................................4, 5

*Anderson v. Becerra*,
No. 1:21-CV-175, 2021 WL 3115976 (E.D. Va. July 22, 2021)...........................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...........................................................................................................3, 5, 6

*Baker v. Elam*,
883 F. Supp. 2d 576 (E.D. Va. 2012) ..................................................................................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................................................................5, 6

*Bennett v. Spear*,
520 U.S. 154 (1997)...........................................................................................................4

*BHR Recovery Communities, Inc. v. Top Seek, LLC*,
355 F. Supp. 3d 416 (E.D. Va. 2018) ..................................................................................6

*Bolger v. Youngs Drug Data Products Corp.*,
463 U.S. 60 (1983)............................................................................................................14

*Boy Blue, Inc. v. Zomba Recording, LLC*,
No. 3:09-CV-483, 2009 WL 2970794 (E.D. Va. Sept. 16, 2009) ...........................................5

*Brown v. Transurban USA, Inc.*,
144 F. Supp. 3d 809 (E.D. Va. 2015) ................................................................................6, 10

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*,
447 U.S. 557 (1980).........................................................................................................12, 13

*CGM, LLC v. BellSouth Telecommunications, Inc.*,
664 F.3d 46 (4th Cir. 2011) ..............................................................................................10

*Clapper v. Amnesty Int'l USA*,
568 U.S. 398 (2013)..........................................................................................................3

*Dennis v. United States*,
341 U.S. 494 (1951)..........................................................................................................12

*Episcopal Church in S.C. v. Church Ins. Co. of Vermont*,
　　997 F.3d 149 (4th Cir. 2021) ..................................................................4

*Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*,
　　633 F. Supp. 3d 425 (D. Mass. 2022) ...................................................10

*Friends for Ferrell Parkway, LLC v. Stasko*,
　　282 F.3d 315 (4th Cir. 2002) ..................................................................4

*Gentry v. Hyundai Motor Am., Inc.*,
　　No. 3:13-CV-00030, 2017 WL 354251 (W.D. Va. Jan. 23, 2017)...............6, 8, 10

*Harrison v. Westinghouse Savannah River Co.*,
　　176 F.3d 776 (4th Cir. 1999) ..............................................................6, 11

*Henry v. R.K. Chevrolet, Inc.*,
　　254 S.E.2d 66 (Va. 1979)........................................................................8

*Kerns v. United States*,
　　585 F.3d 187 (4th Cir. 2009) ..................................................................4

*Lambert v. Downtown Garage, Inc.*,
　　262 Va. 707, 553 S.E.2d 714 (Va. 2001) ................................................7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
　　572 U.S. 118 (2014)................................................................................9

*Lujan v. Defense of Wildlife*,
　　504 U.S. 555 (1992)................................................................................4

*Miller v. California*,
　　413 U.S. 15 (1973)................................................................................13

*Murphy v. Capella Educ. Co.*,
　　589 F. App'x 646 (4th Cir. 2014) .........................................................10

*NAACP v. Claiborne Hardware Co.*,
　　458 U.S. 886 (1982)..............................................................................12

*New York Times v. Sullivan*,
　　376 U.S. 254 (1964)..............................................................................12

*Nordyke v. Santa Clara County*
　　110 F.3d 707 (9th Cir. 1997) ...............................................................13

*Owens v. DRS Auto. Fantom Works, Inc.*,
　　764 S.E.2d 256 (Va. 2014).....................................................................9

*Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*,
    918 F.3d 312 (4th Cir. 2019) ............................................................................3

*Peel v. Attorney Registration & Disciplinary Comm'n of Illinois*,
    496 U.S. 91 (1990) ..........................................................................................12

*Rankin v. McPherson*,
    483 U.S. 378 (1987) ........................................................................................12

*Richmond, Fredericksburg & Potomac R.R. Co. v. United States*,
    945 F.2d 765 (4th Cir. 1991) ............................................................................4

*Schmidt v. Experian Info. Sols., Inc.*,
    No. 1:20-CV-358, 2020 WL 7680548 (E.D. Va. Nov. 13, 2020) .........................10

*Simon v. Eastern Ky. Welfare Rights Organization*,
    426 U.S. 26 (1976) ............................................................................................4

*Snyder v. Phelps*,
    562 U.S. 443 (2011) ........................................................................................11

*Student A. v. Liberty University, Inc.*,
    602 F. Supp. 3d 901 (W.D. Va. 2022) ................................................................9

*Tracy Rifle & Pistol v. Harris*,
    339 F. Supp. 3d 1007 (E.D. Cal. 2018).......................................................13, 14

*Valle Del Sol, Inc. v. Whiting*,
    709 F.3d 808 (9th Cir. 2013) .......................................................................12, 13

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*,
    425 U.S. 748 (1976)........................................................................................13

*West v. Christopher Consultants, Inc.*,
    No. CL19002447-00, 2020 WL 10458184 (Loudoun Cnty., June 10, 2020)...........9

*U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
    525 F.3d 370 (4th Cir. 2008) ..........................................................................10

*Xia Bi v. McAuliffe*,
    927 F.3d 177 (4th Cir. 2019), *as amended* (July 9, 2019) ....................................11

*Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*,
    471 U.S. 626 (1985)........................................................................................13

**Statutes**

Virginia False Advertising Statute, Va. Code § 18.2-216 .....................................1, 2, 8

Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.*...........1, 2, 3, 5, 6, 8, 9, 10, 11, 14

**Other Authorities**

U.S. Const. amend. I ................................................................................1, 11, 12, 14

U.S. Const. amend. XIV ............................................................................12

Fed. R. Civ. P. 8(a) ....................................................................................5, 6

Fed. R. Civ. P. 9(b) ....................................................................................6, 10, 11

Fed R. Civ. P. 12(b)(1)...............................................................................1, 3, 5

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 3, 5, 6, 10

Defendant FAB Defense, Inc. ("FABD"), submits this Memorandum of Law in Support of its Motion to Dismiss (ECF No. 134) Plaintiffs' Complaint (ECF No. 1, "Compl.") pursuant to Fed R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF THE ARGUMENT

Plaintiffs, a woman who was shot by a lone gunman committing a criminal act and her minor child who is alleged to have suffered emotional harm as a result of her mother's shooting, seek to hold FABD liable for their damages. Plaintiffs' claims against FABD are based exclusively on two Instagram posts purportedly advertising "a buttstock" that the Shooter[1] allegedly transported from Virginia to the Washington D.C. apartment where he committed the Shooting. Compl. ¶¶ 18, 103. This buttstock is not even alleged to have been used in the Shooting. Plaintiffs' claims against FABD have no legal merit and should be dismissed for multiple reasons.

*First,* Plaintiffs lack Article III standing to bring their claims under the Virginia False Advertising Statute ("VFAS"), Va. Code § 18.2-216, and the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 *et seq.*, because there are no factual allegations establishing that their injuries are fairly traceable to any advertisement published by FABD.

*Second,* Plaintiffs' conclusory allegations related to the advertisements published by FABD fail to state viable claims under the VFAS and VCPA as they do not comport with applicable pleadings standards.

*Third,* Plaintiffs' claims stemming from social media posts published by FABD should be dismissed under the First Amendment to the U.S. Constitution, which protects commercial speech, such as FABD's, that is not false or misleading and does not promote illegal activity.

---

[1] To avoid creating further notoriety for the gunman, he will be referred to as the Shooter, as he is referred to in Plaintiffs' Complaint.

## **BACKGROUND**

On April 22, 2022, Plaintiff Karen Lowy was shot during an attack carried out by the Shooter, at the Edmund Burke School in Northwest Washington, D.C. Compl. ¶¶ 1-3. Plaintiff N.T., a minor, was present at the school on the day of the shooting and is alleged to have suffered emotional harm as a result of the attack. *Id*. ¶ 4.

Plaintiffs commenced this action on October 1, 2023 against numerous defendants, including FABD. *Id.* ¶ 24. Although Plaintiffs allege that FABD "manufactures and sells firearms" generally, *id.* ¶ 38, FABD is only alleged to have made "a buttstock," not a firearm, that the Shooter transported from Virginia to the site of the Shooting. *Id.* ¶ 18. Plaintiffs do not allege that a buttstock made by FABD was actually used in the Shooting. Despite this, Plaintiffs allege that each of the Defendants, including FABD, is responsible for the shooting under the Virginia False Advertising Statute ("VFAS"), Va. Code § 18.2-216, and the Virginia Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 *et seq*., based on their marketing of the products they sell. Plaintiffs claim that the way each Defendant marketed its products was the cause of Ms. Lowy's injuries and the harm alleged to have been suffered by N.T.

In Counts II (VFAS) and XV (VCPA), the only claims against FABD, Plaintiffs make only conclusory allegations that a FABD buttstock "was used to harm" Plaintiffs. *Id.* ¶¶ 159, 254. Plaintiffs also allege, again in a wholly conclusory manner, that FABD misrepresented the uses and benefits of its products, including that they may be "appropriate for uses that are or may be illegal in some or all U.S. jurisdictions." *Id.* ¶¶ 158, 248, 250. As their only support for these allegations, Plaintiffs point to one "FAB Instagram Advertisement" from January 13, 2022 showing two men with rifles wearing what appears to be tactical gear and a post stating "Ready for Duty," *id.* ¶ 62, and to another "FAB Instagram Advertisement" from September 13, 2020

showing a rifle on the seat of vehicle, *id.* ¶ 97. Contrary to Plaintiffs' conclusory allegations, neither "Advertisement" contains any misrepresentations regarding the uses or benefits of FABD's products, nor states that FABD's products are appropriate for any illegal use. Plaintiffs' complaint makes no attempt to identify any such misrepresentations or statements. Other than these two posts, there are no other allegations of fact, specific or conclusory, regarding FABD's allegedly false or misleading marketing or advertising materials, nor any allegations linking either of these two "Advertisements" to the Shooter's criminal conduct or the Plaintiffs' injuries.

## STANDARD OF REVIEW

On a motion to dismiss, the court must accept the facts alleged in the Complaint as true but need not accept "conclusory statements" unsupported by any concrete factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To "unlock the doors of discovery," the allegations must show that the defendant's liability is actually "plausible," not merely "conceivable." *Id*. at 678-80; *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019) ("[a] motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint."). If the facts alleged are "merely consistent with" liability, then the case must be dismissed. *Id*. at 678.

## ARGUMENT

**I.     Plaintiffs lack Constitutional standing to bring VFAS and VCPA claims against FABD.**

"A plaintiff must demonstrate requisite standing to bring a claim in federal court," or face dismissal of its claims under Fed. R. Civ. P. 12(b)(1). *Anderson v. Becerra*, No. 1:21-CV-175, 2021 WL 3115976, at *2 (E.D. Va. July 22, 2021).   To establish standing under Article III, a plaintiff must allege an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l*

*USA*, 568 U.S. 398, 409 (2013). While a court considering a challenge to standing must accept as true the facts a plaintiff alleges, it need not accept conclusory statements and conclusions of law. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In the face of a challenge to the factual bases for standing, plaintiff bears the burden of proof. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). As such, all elements of Article III standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defense of Wildlife*, 504 U.S. 555, 561 (1992).

It is well-settled that a federal court can only address injuries that "fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976). When "the causal connection between the alleged harm . . . and the challenged conduct . . . [is] too attenuated," it is "purely speculative," and does not support Article III standing. *Episcopal Church in S.C. v. Church Ins. Co. of Vermont*, 997 F.3d 149, 158 (4th Cir. 2021). An injury caused by the independent actions of a third party not before the court, such as those of the Shooter, cannot be fairly traceable to a defendant unless that defendant's alleged conduct had a "determinative or coercive effect" on such third party. *Alvarez v. Becerra*, No. 21-2317, 2023 WL 2908819, at *3 (4th Cir. Apr. 12, 2023) (quoting *Bennett v. Spear*, 520 U.S. 154, 169 (1997)); *see also Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 324 (4th Cir. 2002) (affirming dismissal of claims found "speculative" as there was "no guarantee" the third-party acts would occur).

In this case, Plaintiffs fail to allege any facts to support their claim that their injuries are fairly traceable to any "Advertisement" published by FABD, including either of the two cited in

the Complaint. In fact, they fail to allege that the Shooter ever even saw any advertisement or marketing material issued or sponsored by FABD, let alone that he relied upon any such material as the motivation to commit the criminal acts that caused Plaintiffs' injuries. Plaintiffs' conclusory allegation in Paragraph 252 of the Complaint – notably made only "upon information and belief" – that "the Shooter relied on" FABD's "advertisements to purchase the buttstock," are plainly insufficient to attach liability to FABD. An allegation based upon "information and belief" is appropriate only when substantiating facts are uniquely in a defendant's possession. *See, e.g.*, *Boy Blue, Inc. v. Zomba Recording, LLC*, No. 3:09-CV-483, 2009 WL 2970794, at *2 (E.D. Va. Sept. 16, 2009). Plaintiffs do not, and cannot reasonably, argue that FABD possesses any facts about the Shooter's motivation, let alone that any such facts are uniquely in FABD's possession. Therefore, these allegations are insufficient on their face.

Plaintiffs have also failed to allege facts showing that either of FABD's "Instagram Advertisements" from September 13, 2020 or January 13, 2022 had a "determinative or coercive effect" on the Shooter such that either caused him to commit his horrendous criminal act. Plaintiffs, therefore, have failed to allege that their injuries are fairly traceable to FABD.  *Alvarez*, 2023 WL 2908819, at *3.  Based upon the foregoing, Plaintiffs lack Article III standing to bring their VFAS and VCPA claims against FABD, and those claims should be dismissed, with prejudice, under Rule 12(b)(1).

## II.    Plaintiffs fail to state claims upon which relief can be granted against FABD under Rule 12(b)(6).

A Rule 12(b)(6) motion should be granted unless the complaint "states a plausible claim for relief" under Federal Rule of Civil Procedure 8(a). *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563 (2007)). Rule 8(a) requires a plaintiff's claims to possess enough factual matter to explain why they are entitled to relief. *Twombly*, 550

U.S. at 557, 570. A plaintiff must allege sufficient facts "to raise a right to relief above the speculative level," *id.* at 555, and to cross "the line from conceivable to plausible." *Id.* at 570. A complaint is insufficient if, as here, it merely "offers labels and conclusions[,] a formulaic recitation of the elements of a cause of action[,]" or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted). And "facts" that amount to nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In addition to the requirements of Rule 8(a), the heightened pleading standard governing fraud claims under Rule 9(b) applies to Plaintiffs' claims brought under the VCPA. *Brown v. Transurban USA, Inc*., 144 F. Supp. 3d 809, 845 (E.D. Va. 2015). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (citation omitted). A plaintiff that fails to plead fraud with particularity fails to state the claim, and dismissal under Rule 12(b)(6) is proper. *Id.* at 783 n.5.

### A.     Plaintiffs have not sufficiently pleaded a claim under VFAS against FABD.

To maintain a claim under the VFAS, a plaintiff must allege facts showing: (1) an advertisement; (2) defendant's intent to sell or induce the public to undertake an obligation; (3) untrue, misleading or deceptive information, and (4) a loss suffered by plaintiff as a result of the advertisement. *BHR Recovery Communities, Inc. v. Top Seek, LLC*, 355 F. Supp. 3d 416, 427 (E.D. Va. 2018) (citation omitted). A VFAS claim also requires a showing of reliance on the

advertisement by the consumer of the goods or services. *Gentry v. Hyundai Motor Am., Inc*., No. 3:13-CV-00030, 2017 WL 354251, at *7 n. 2 (W.D. Va. Jan. 23, 2017), *aff'd in part, dismissed in part sub nom*. *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278 (4th Cir. 2018). Plaintiffs' Complaint fails to sufficiently plead these required elements.

The only advertisements in the Complaint attributed to FABD are two supposed "Instagram Advertisements," one posted on September 13, 2020 and one posted on January 13, 2022. Compl. ¶¶ 97, 62. Although the September 13th social media post refers to a particular FABD buttstock, *i.e.*, the "GL Core S" model,  Compl. ¶ 97, there are no allegations that the Shooter ever saw the post or purchased such a model, let alone that he had it with him, or used it, during the Shooting. And, although the January 13th social media post does depict two men with rifles wearing what appears to be tactical gear and a post stating, "Ready for Duty,"  Compl. ¶ 62, there are no statements regarding any of FABD's buttstock products, the only FABD product alleged to be at issue in this action.

Critically, there is nothing misleading or deceptive about either "Advertisement", nor do Plaintiffs allege any facts supporting such a conclusion. The text in the September 13th "Advertisement"—the only one alleged in the Complaint that actually refers to a FABD buttstock—is a reference to the product being part of "the perfect EDC[2] vehicle setup" and there are no allegations that this statement is untrue, misleading or deceptive. As most, this statement amounts to "puffing," and could not be reasonably interpreted to be deceptive or misleading. *See, Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 712, 553 S.E.2d 714, 717 (Va. 2001) (collecting cases holding that various forms of advertising speech, including "[c]ommendatory statements, trade talk, [and] puffing" are statements of opinion and not actionable statements of fact) (citations

---

[2]  EDC is an abbreviation for everyday carry.

omitted). There are no statements in the January 13th "Advertisement" that refer to any FABD buttstocks or make any claims about them.

Plaintiffs also fail to establish any connection between either of these two "Advertisements" and the facts of this case. Perhaps most glaringly, Plaintiffs do not even allege the Shooter actually used a FABD buttstock in the shooting, instead alleging only that the Shooter transported "a buttstock made by Defendant" FABD to the site of the shooting (although not that it attached to a rifle), and that FABD's "buttstock was used to harm" the Plaintiffs. Compl. ¶¶ 18, 159, 254. As such, Plaintiffs have also not substantiated their VFAS claim with any facts supporting their allegations that FABD's advertising contained "representations that were untrue, deceptive, or misleading" regarding any product, let alone one that was allegedly used by the Shooter to harm the Plaintiffs. *Id*. ¶ 157.

Plaintiffs' VFAS claim also fails because it does not plead any facts showing that the individual who allegedly acquired the FABD buttstock (presumably, though not specifically alleged to be, the Shooter) ever saw a FABD advertisement. *Gentry*, 2017 WL 354251, at *7 n. 2 ("Without any allegations of what advertisements Mr. Gentry saw, relied upon, or 'induce[d]' him 'to enter into' an agreement for an Elantra, Va. Code. § 18.2-216, he cannot establish any 'loss as the result of' allegedly false advertising. Va. Code § 59.1-68.3."). In the absence of factual allegations establishing that the Shooter both saw a deceptive advertisement and that his reliance on any such advertisement caused Plaintiffs' harm, the VFAS claim must be dismissed. *See Henry v. R.K. Chevrolet, Inc*., 254 S.E.2d 66, 68 (Va. 1979) (holding that the VFAS "must be construed strictly" and not "be made to embrace cases which are not within its letter or spirit.").

**B.      Plaintiffs have not sufficiently alleged facts to maintain a VCPA claim against FABD.**

The VCPA limits standing to those involved in, or who stand to benefit from, consumer transactions. *Baker v. Elam*, 883 F. Supp. 2d 576, 578 (E.D. Va. 2012) ("[O]nly consumer transactions qualify for coverage under the VCPA."). A claim under the VCPA requires a plaintiff to allege (1) a fraudulent act (2) by a supplier (3) in a consumer transaction. *Student A. v. Liberty University, Inc.*, 602 F. Supp. 3d 901, 917 (W.D. Va. 2022). The VCPA further requires proof of reliance by the consumer on the supplier's alleged fraudulent act. *Owens v. DRS Auto. Fantom Works, Inc.*, 764 S.E.2d 256, 260 (Va. 2014). As such, to state a claim for violation of the VCPA the Plaintiffs are required to allege they engaged in a consumer transaction with FABD, that there was a fraudulent act or representation, and that Plaintiffs relied upon that fraudulent representation regarding the product at issue.  Plaintiffs have not alleged the necessary elements, nor can they.

In fact, allegations in the Complaint clearly establish that Plaintiffs were not consumers of the FABD buttstock allegedly in the Shooter's possession, and had no connection to any transaction involving its purchase. Compl. ¶ 18. Therefore, Plaintiffs could not have relied on any representations allegedly made by FABD, or anyone else for that matter, regarding the "characteristics, uses, or benefits" of FABD's buttstocks or that they "ha[d] a particular standard, quality, grade, style, or model." Compl. ¶ 250. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (statutory standing requires that plaintiff's claim falls within the "zone of interests" protected by the statute).

The stated purpose of the VCPA is "to promote fair and ethical standards of dealings between suppliers and the consuming public." Va. Code § 59.1-197. To allow individuals, such as the Plaintiffs, who "were not part of any bargain" related to a defendant's product to maintain an action under the VCPA would improperly expand the statute beyond its stated purpose. *See West*

*v. Christopher Consultants, Inc.*, No. CL19002447-00, 2020 WL 10458184 (Loudoun Cnty., June 10, 2020) (sustaining demurrer to VCPA claim where the plaintiff did not acquire goods or services from the defendant or any person downstream of the defendant). Because Plaintiffs have not alleged that they were parties to any consumer transaction relating to FABD buttstocks, they lack statutory standing to pursue claims against FABD under the VCPA and their claims should be dismissed with prejudice pursuant to Rule 12(b)(6). *See CGM, LLC v. BellSouth Telecommunications, Inc.*, 664 F.3d 46, 52 (4th Cir. 2011).

In a failed attempt to satisfy their pleading obligations, Plaintiffs make mere conclusory assertions that FABD misrepresented the "characteristics, uses, or benefits" or the "particular standard, quality, grade, style, or model" of its products, "or otherwise used deception or misrepresentation." Compl. ¶ 250. These allegations are clearly nothing more than verbatim regurgitations of the statutory language of VCPA § 59.1-200(A)(5), (A)(6) and (A)(14) and, as such, are insufficient and should be dismissed. A complaint that merely parrots a statute's elements fails to satisfy the heightened pleading standard under Rule 9(b). *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008) (citations omitted); *see also Gentry v. Hyundai Motor America, Inc.*, No. 3:13-CV-00030, 2017 WL 354251, at *7 (W.D. Va. Jan. 23, 2017) (dismissing VCPA claims not pled with specificity), *aff'd in part, dismissed in part sub nom;* Fed. R. Civ. P. 9(b); *Schmidt v. Experian Info. Sols., Inc.*, No. 1:20-CV-358-AJT-JFA, 2020 WL 7680548, at *3 (E.D. Va. Nov. 13, 2020) (granting Rule 12(b)(6) motion to dismiss VCPA claim because alleged fraudulent acts were not pled with requisite particularity) (citing *Murphy v. Capella Educ. Co.*, 589 F. App'x 646, 657 (4th Cir. 2014)); *Brown*, 144 F.Supp.3d at 847 ("[I]t is not enough … to simply allege conclusory buzz words associated with fraud without sufficient factual support and specificity.").

Additionally, Plaintiffs fail to specifically allege how any aspect of FABD's advertisements fraudulently deceived anyone, whether it be the Plaintiffs or the Shooter, into purchasing a FABD product, or how anyone was otherwise defrauded. *See generally* Compl.; *see also Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.,* 633 F. Supp. 3d 425, 453–454 (D. Mass. 2022) (declining to find firearms advertisements deceptive or unfair when the alleged violation "is that its firearms do exactly what they are advertised to do."). Plaintiffs cannot rely on recitation of statutory boilerplate to salvage what in essence is a strict liability tort theory masquerading as a consumer fraud claim. This pleading deficiency alone warrants dismissal of Plaintiffs' VCPA claims.

Plaintiffs also plead, once again improperly, "[u]pon information and belief," that "the Shooter relied on FABD's advertisements to purchase the buttstock." Compl. ¶ 252. Plaintiffs' conclusory allegations fail to satisfy the Rule 9(b) pleading standard, which requires a pleading to identify the "time, place, and contents" of when such reliance occurred. *See Harrison*, 176 F.3d 776 at 784; *see also Xia Bi v. McAuliffe*, 927 F.3d 177, 184 (4th Cir. 2019), *as amended* (July 9, 2019) (finding that an allegation of reliance is subject to Rule 9(b) standard).

And, even if Plaintiffs' pleadings had sufficiently alleged that the Shooter had seen and relied upon a FABD advertisement to purchase FABD's products (they do not) Plaintiffs' VCPA claim would still fail. All product advertisements are, by their nature, intended to induce product purchases. To state a claim, not only must Plaintiffs allege that the Shooter actually saw and then relied upon one or more of FABD's advertisements to purchase the buttstock allegedly brought to the Shooting, they must also allege facts showing that a fraudulent advertisement motivated the Shooter to criminally misuse the product to harm Plaintiffs. Plaintiffs' Complaint does not, and

indeed cannot, contain such allegations. As a result, Plaintiffs' allegations fail on both the fraud and reliance elements of the VCPA and should be dismissed.

### III.   FABD's social media posts are protected under the First Amendment to the U.S. Constitution.

Plaintiffs' claims against FABD should also be dismissed because the First Amendment of the U.S. Constitution protects against civil liability for protected speech. *See Snyder v. Phelps*, 562 U.S. 443, 451 (2011) ("[T]he Free Speech Clause of the First Amendment" can "serve as a defense in state tort suits"); *NAACP v. Claiborne Hardware Co*., 458 U.S. 886, 916 n.51 (1982) (applying state law in a manner that restrict First Amendment freedoms constitutes state action under the Fourteenth Amendment); *New York Times v. Sullivan*, 376 U.S. 254, 265 (1964) (courts cannot apply a state rule of law in a civil action between private parties that imposes invalid restrictions on freedom of speech). The application of Plaintiffs' claims brought under Virginia law against FABD are thus subject to First Amendment scrutiny.

The question of whether FABD's alleged "Instagram Advertisements" are protected speech under the First Amendment is a question of law for the Court. *Peel v. Attorney Registration & Disciplinary Comm'n of Illinois,* 496 U.S. 91, 108 (1990) (holding that "[w]hether the inherent character of a statement places it beyond the protection of the First Amendment is a question of law"); *Rankin v. McPherson*, 483 U.S. 378, 386 n.9 (1987) ("The ultimate issue—whether speech is protected—is a question of law."). The Court must assess the challenged advertisement and determine whether its contents are untrue, misleading or deceptive, or if it promotes an illegal transaction or unlawful conduct. *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980); *Dennis v. United States*, 341 U.S. 494, 513 (1951) ("Whether the First Amendment protects the activity which constitutes the violation of the statute must

depend on a judicial interpretation of the scope of the First Amendment applied to the circumstances of the case.").

The inquiry regarding legality under *Central Hudson* is "focused on the content of affected speech—*i.e.*, whether the speech proposes an illegal transaction—instead of whether the speech is associated with unlawful activity." *Valle Del Sol, Inc. v. Whiting*, 709 F.3d 808, 821 (9th Cir. 2013). "[T]he determinative question is 'whether the transactions proposed in the forbidden [communication] are themselves illegal in any way.'" *Id*.; *see also Nordyke v. Santa Clara County* 110 F.3d 707, 710-11 (9th Cir. 1997) (holding that an offer to sell firearms and ammunition is protected commercial speech because it concerns a lawful activity).

The alleged "Instagram Advertisements" attributed to FABD and identified in Plaintiffs' Complaint, ¶¶ 62, 97, are, at a minimum, protected commercial speech because they concern lawful activity and are not misleading. *See Cent. Hudson Gas & Elec. Corp.*, 447 U.S. at 565–66; *see also Nordyke,* 110 F.3d at 711; *Tracy Rifle & Pistol v. Harris,* 339 F. Supp. 3d 1007, 1012 (E.D. Cal. 2018) (holding that handgun advertisements concern lawful activity).

Any restriction on this type of speech must therefore advance a substantial government interest and be narrowly drawn. *See Cent. Hudson*, 447 U.S. at 566. Here, Plaintiffs' only proffered justification for imposing civil liability on FABD for its protected speech is Plaintiffs' allegation that such advertisements may "appeal to the impulsive, risk-taking tendencies of civilian adolescent and post-adolescent males." Compl. at ¶ 7. However, such speculative allegations "based on the fear that that a certain subset of the population with a particular personality trait could potentially make what the government contends is a bad decision" are insufficient to justify restricting constitutionally protected speech. *Tracy Rifle & Pistol*, 339 F. Supp. 3d at 1014-15; *cf. Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 773

(1976) (restricting the Commonwealth from suppressing truthful information about commercial activity because it feared the information's effect upon its recipients); *Miller v. California*, 413 U.S. 15, 33 (1973) (holding that in the context of obscenity, the "likely" impact of speech must be judged by its effect on an "average person, rather than a particularly susceptible or sensitive person"); *Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*, 471 U.S. 626, 649 (1985) (holding that use of picture and illustrations in advertisements was constitutionally protected commercial speech and thus cannot be restricted based "simply on the strength of the general argument that the visual content of advertisements may, under some circumstances, be deceptive or manipulative.").

Notably, the Supreme Court has found that commercial speech relating to an activity that is itself entitled to constitutional protection has been found to be entitled to even greater protection under the First Amendment. *Bolger v. Youngs Drug Data Products Corp*., 463 U.S. 60, 67-68 n.14 (1983). In the instant action, the social media posts and advertisements concern the acquisition and ownership of rifle buttstocks—an activity that is entitled to constitutional protection. *See Kolbe*, 813 F.3d at 175 (rejecting the argument that the Second Amendment does not apply to possession of ammunition magazines); *see also Tracy Rifle & Pistol*, 339 F. Supp. 3d at 1012 (finding advertisements for handguns concerned activity that was "constitutionally protected"). FABD cannot be found liable for the lawful and truthful promotion of Americans' right to acquire its products. Plaintiffs' VCPA and VFAS claims must be dismissed on this basis as well.

## CONCLUSION

For the above reasons, FABD respectfully requests that this Court grant its motion to dismiss with prejudice Plaintiffs' claims against it, and grant such further relief as it deems just and proper.

Dated: December 6, 2023

Respectfully submitted,

/s/ *Abram J. Pafford*
Abram J. Pafford (VSB No. 79999)
Emily E. Kelley (VSB No. 96252)
**MCGUIREWOODS LLP**
888 16th Street N.W.
Suite 500
Washington, DC 20006
Telephone: (202) 857-1700
apafford@mcguirewoods.com
ekelley@mcguirewoods.com

Harley Goldstein (*pro hac vice* pending)
Daniel C. Curth (admitted *pro hac vice* )
**GOLDSTEIN & MCCLINTOCK, LLLP**
111 W. Washington Street
Suite 1221
Chicago, IL 60602
Telephone: (312) 337-7700
harleyg@goldmclaw.com
danc@goldmclaw.com

*Counsel for Defendant FAB Defense, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I, Abram J. Pafford, hereby certify that on December 6, 2023 I filed the foregoing

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to the attorneys of record.


                    /s/ *Abram J. Pafford*_____
                    Abram J. Pafford